**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**V.**                                                                                              **NO. 1:18-CR-70-10**

**SINDY YORLEY QUEZADA-ALVAREZ**

## ORDER

On September 19, 2018, Sindy Yorley Quezada-Alvarez and nine other individuals were named in a five-count Superseding Indictment[1] charging various crimes related to an alleged conspiracy to use skimming devices and other unauthorized access devices to commit credit card and debit card fraud. Doc. #75. On March 27, 2019, a five-count Second Superseding Indictment[2] was filed as to Quezada-Alvarez and one of her codefendants charging similar crimes. Doc. #162.

On March 5, 2020, the government, pursuant to Federal Rule of Criminal Procedure 48(a), filed a motion "to dismiss the Indictment against SINDY YORLY QUEZADA-ALVAREZ, defendant, without prejudice." Doc. #268. As grounds, the motion represents that Quezada-Alvarez "has entered into a pre-trial diversion program pursuant to 18 U.S.C. § 3154(10), which began on February 28, 2020," and that Quezada-Alvarez, through counsel, does not object to the motion. *Id.* at 1.

One week later, on March 12, 2020, the government, pursuant to Federal Rule of Criminal Procedure 48(a), filed a motion "to dismiss the Second Superseding Indictment against SINDY YORLY QUEZADA-ALVAREZ, defendant, without prejudice." Doc. #269.[3] Like the March 2

---

[1] Quezada-Alvarez is named in all five counts of the Superseding Indictment.

[2] Quezada-Alvarez is named in all five counts of the Second Superseding Indictment.

[3] The March 12 motion is titled, "*Revised* Motion to Dismiss Second Superseding Indictment without Prejudice." Doc. #269 (emphasis added). However, because the March 5 motion has not been withdrawn and the March 12 motion

motion, the represented grounds for dismissal are that Quezada-Alvarez entered a pretrial diversion program on February 28 and that she, through counsel, does not object to the motion. *Id.* at 1.

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This 'leave of court' requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (internal quotation marks omitted). However, this discretion must be exercised with a view to the rule's purpose—"to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

As a general rule, a motion to dismiss "should be granted unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (internal quotation marks omitted). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest." *Id*. (internal footnote and quotation marks omitted).

Because the government seeks to dismiss without prejudice both the Superseding Indictment and the Second Superseding Indictment, there is no risk of prosecutorial harassment. Accordingly, there is nothing to indicate that the motion was motivated by considerations contrary to the public interest. Therefore, the government's motion to dismiss without prejudice the

---

does not state that it was filed in place of the March 5 motion, the Court concludes the two filings reflect the government's intent to dismiss both indictments pending against Quezada-Alvarez.

Superseding Indictment [268] and its motion to dismiss without prejudice the Second Superseding Indictment [269] are **GRANTED**. The Superseding Indictment and the Second Superseding Indictment against Quezada-Alvarez are **DISMISSED without prejudice**.

**SO ORDERED**, this 31st day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**